# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

MELISSA WELLS, and on behalf of all
others similarly situated,

    Plaintiff,

v

DAVIS OIL CO. and C-STORES, INC.,

    Defendants.

Case No. 1:22-cv-00281

Hon. Jane M. Beckering

---

Jesse L. Young (P72614)
Alana A. Karbal (P82908)
SOMMER SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
jyoung@sommerspc.com
akarbal@sommerspc.com

Courtney L. Nichols (P75160)
Attorneys for Defendants
PLUNKETT COONEY
38505 Woodward Avenue, Ste. 100
Bloomfield Hills, MI 48304
(248) 594-6360
cnichols@plunkettcooney.com

---

## ORDER CERTIFYING CLASS AND APPROVING SETTLEMENT

This matter is before the Court on the Parties' Joint Motion for Certification and Approval of Settlement ("Joint Motion"). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached to the Joint Motion as Exhibit 2 (ECF No. 23-2, corrected by ECF No. 24-1).

Having reviewed the Joint Motion, the Agreement, the Declaration of Jesse L. Young, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order certifying the FLSA Class and approving the Settlement, including the proposed Service Award, and the proposed attorneys' fees and expense reimbursements to Class Counsel.

1. The captioned action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, et seq., on behalf of non-exempt employees of DAVIS OIL CO. and C-STORES, INC. ("Defendants").

2. On March 25, 2022, Representative Plaintiff Melissa Wells filed this action as a collective action under the FLSA. Plaintiff initiated this action on behalf of herself and all other persons similarly situated, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and Michigan common law (hereinafter referred to as "Plaintiffs' Lawsuit"). See ECF No. 1. In general, Plaintiffs claim that Defendants engaged in an improper time-shaving practice, whereby Defendants improperly modified Plaintiffs' reported work time and failed to pay wages in violation of applicable law. Defendants deny the claims brought by Plaintiffs.

3. After the filing of Defendants' Response to Plaintiffs' Motion, the parties agreed to enter into facilitation and to stay proceedings until the completion of facilitation. Attorney Kathleen Bogas was selected as the facilitator. See ECF No. 16.

4. Facilitation proceeded on September 6, 2022. During facilitation, the Parties mutually and voluntarily agreed to a settlement of the Lawsuit as a collective action.

5. The Settlement will cover Representative Plaintiff, Current Opt-In Plaintiffs, and all of the Eligible Settlement Participants who elect to participate in the Settlement by depositing their Settlement Payments. There are 695 Eligible Settlement Participants.

7. The Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiff, Current Opt-In, and Eligible Settlement Participants who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

8. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Representative Plaintiff, Current Opt-In, and Eligible Settlement Participants. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

9. The Court approves the settlement documents as corrected (ECF No. 24-1), and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff, Current Opt-In Plaintiffs, and all Eligible Employees who elect to participate in the Settlement by negotiating their settlement check.

10. The Court approves the Service Award to Representative Plaintiff Melissa Wells in recognition of her service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees and expense reimbursement to Class Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court retains jurisdiction over the action to enforce the Settlement, including notice administration and the settlement distribution process, and to later dismiss the case after the settlement payment distribution process has completed.

**SO ORDERED**.

Date: __October 24, 2022__  _____/s/ Jane M. Beckering_____
Honorable Jane M. Beckering
United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

*/s/ Jesse L. Young*  */s/ Courtney L. Nichols*
Jesse L. Young (P72614)  Courtney L. Nichols (P75160)
Alana A. Karbal (P82908)  PLUNKETT COONEY
SOMMER SCHWARTZ, P.C.  Attorneys for Defendants
Attorneys for Plaintiff


Dated:  October 18, 2022